UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAHENE PETERKIN,

                            Plaintiff,

            v.                                   9:14-CV-0599
                                                    (GLS/RFT)

DR. KARANDY; et al.,

                            Defendants.
_____

APPEARANCES:

KAHENE PETERKIN
08-A-3192
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

### I.  INTRODUCTION

Plaintiff pro se Kahene Peterkin commenced this action seeking relief for the alleged violation of his Eighth Amendment right to proper and adequate medical care during his confinement at Great Meadow Correctional Facility. *See* Dkt. No. 1 ("Compl."). Plaintiff, who did not pay the filing fee for this action, requested leave to proceed in forma pauperis. Dkt. No. 2.

Upon review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Court determined that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 9 (the "September Order"). In

light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint if he wished to avoid dismissal of this action.  *Id.* at 7-8.[1]

Plaintiff's amended complaint is before this Court for review.  Dkt. No. 11 ("Am. Compl.").

## II.  DISCUSSION

In his original complaint, plaintiff alleged that Dr. Karandy "failed to investigate" a thyroid cyst which was disclosed in the report of a MRI performed in November, 2012 to assess plaintiff's herniated disc.  Compl. at 2.  Plaintiff requested additional evaluation and treatment and filed a grievance after receiving no response from Dr. Karandy.  *Id*.  In July, 2013, while confined at Green Haven Correctional Facility, a sonogram of plaintiff's thyroid showed cysts on both sides of the thyroid.  *Id*.  Plaintiff was evaluated by an endocrinologist and prescribed medication.  *Id*.  A second sonogram in April, 2014 showed that the cysts had continued to grow and increase in number.  *Id*. at 3.  In addition to Dr. Karandy, the complaint named Regional Health Services Administrator Grinberg as a defendant.  *Id*. at 1-2.  Plaintiff claimed that Grinberg did not respond properly to his grievance regarding his request for additional evaluation and treatment of his thyroid condition.  *Id*. at 4.

Upon review, the Court concluded that even assuming that plaintiff's thyroid condition constituted a serious medical condition for purposes of the Eighth Amendment, the complaint did not contain factual allegations sufficient to plausibly suggest that either defendant acted with deliberate indifference to his medical needs, was reckless in their treatment of plaintiff, or provided him with medical treatment that was "inadequate" in a constitutional sense.

---

[1] Plaintiff was also granted leave to proceed in forma pauperis.  September Order at 8.

September Order at 5-8.

Upon review of plaintiff's three-page amended complaint, the Court finds that the factual allegations regarding the initial presentation of his thyroid cyst in November, 2012 do not differ in any material respect from those in the original complaint. Am. Compl. at 1.[2] Plaintiff has included additional allegations regarding his condition and his claim that Dr. Karandy failed to provide him with proper and adequate medical care. Thus, plaintiff states that when he told Dr. Karandy that the cyst might explain the "burning" sensation in his throat and his concern that food was becoming stuck in his throat when he ate, Dr. Karandy told plaintiff "not to worry the test results were nothing serious." *Id*. Plaintiff complains that Dr. Karandy did not refer him to a specialist for further evaluation: "Dr. Karandy is not an endocrinologist and in no way was able to decide the seriousness of my condition." *Id*. at 2. Plaintiff left Great Meadow C.F. in February, 2013. *Id*. Plaintiff does not allege that Dr. Karandy had any responsibility for plaintiff's medical care after that date.

As set forth in the amended complaint, the next diagnostic procedure, which revealed that the "nodule had doubled," was done several months later, in July, 2013. *Id*. at 2. Plaintiff's cysts continued to grow even with medication. *Id*. at 3. In June, 2014, the cysts were biopsied; the report states that the two cysts are benign. *Id*. at 4; 17-18.

Upon due consideration and reading the pleading in the light most favorable to plaintiff, the Court finds that plaintiff has not alleged facts in his amended complaint which, if proven, might sustain a claim for the violation of his Eighth Amendment right to proper and adequate

---

[2] Plaintiff has submitted several medical records as exhibits to the amended complaint. Am. Compl. at 5-18. The 2012 MRI report states in part: "Presumed colloid cyst in the left thyroid lobe. Sonography may be utilized for further evaluation if clinically indicated." *Id*. at 6.

3

medical care. As the Court stated in the September Order, it is well settled that disagreements with medical providers regarding the need for a specialist's evaluation or the timing thereof, do not give rise to cognizable claims of medical indifference. September Order at 6 (citing cases). In addition, as the Court also advised in the September Order, allegations that treatment was delayed by a physician "'based on a bad diagnosis or erroneous calculus of risks and costs'" do not suffice to demonstrate the mental state necessary for deliberate indifference. *Id*. (quoting *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000)). Rather, the plaintiff must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle*, 429 U.S. at 102, 105-06), aff'd, 970 F.2d 896 (2d Cir. 1992), cert. denied, 506 U.S. 1040 (1992). Here, even assuming that Dr. Karandy failed to appreciate the significance of the November, 2012 MRI finding of a possible thyroid cyst and the need for evaluation by a specialist (and there is **no** evidence that he did), these allegations do not plausibly suggest that plaintiff's Eighth Amendment rights were violated.[3]

Based upon the foregoing, the Court finds that the amended complaint fails to state a claim against defendants upon which relief may be granted pursuant to 42 U.S.C. § 1983. As a result, this action is dismissed. *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint fails to state a claim for the violation of

---

[3] Because plaintiff has not alleged a cognizable claim of deliberate indifference against Dr. Karandy, his claim that defendant Grinberg failed to intervene to remedy the alleged misconduct also fails.

plaintiff's constitutional rights upon which this Court may grant relief and this action is

**DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b); and

it is further

  **ORDERED** that the Clerk shall enter judgment accordingly; and it is further

  **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: January 27, 2015
   Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court